CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

July 02, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **SHANE D. POLLARD,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:26CV00424 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **DAVID ANDERSON, et al.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Respondents. | ) | |

*Shane D. Pollard, Pro Se Petitioner.*

The petitioner, a Virginia inmate proceeding pro se, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Pollard is currently serving a sentence imposed by the Prince William Circuit Court for conviction of robbery resulting in death and challenges a prison disciplinary proceeding that he alleges has impacted the duration of his confinement. Upon review, I conclude that the petition must be summarily dismissed without prejudice because Pollard has not exhausted his state court remedies.[1]

Pollard claims that he was unexpectedly transferred to Red Onion State Prison's Restorative Housing Unit for a disciplinary infraction he later discovered

---

[1] Under Rule 4(b) of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2254 petition when it plainly appears from the petitioner's submissions that he is not entitled to relief.

was related to an assault.  He asserts that he did not receive notice of an assault charge and did not have a hearing.  He further denies having any charges for assault, weapons, or fighting on his record.  In addition to being placed in segregated confinement at Red Onion, Pollard also contends that he "has been stripped of his good time and ability to earn his good time." Pet. 3, Dkt. No. 1.  As a result, Pollard claims that the respondents violated his due process rights, his right to be free from cruel and unusual punishments, and his right to equal protection of laws.[2]  Pollard requests to be removed from segregation and to have his good time credits restored.

Absent a valid excuse, a state prisoner must exhaust his available remedies in the state courts before seeking habeas relief in federal court.   28 U.S.C. § 2254(b)(1)(A).  The petitioner bears the burden of proof to show that he has exhausted state court remedies.  *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994).  Exhaustion requires a petitioner to present the facts and argument of his federal constitutional claims properly to the appropriate state courts up to the highest state court.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  A habeas petitioner in Virginia must "present the same factual and legal claims raised in his § 2254 petition to the [Supreme Court of Virginia] either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas

---

[2]  To the extent that Pollard is attempting to challenge the conditions of his confinement, a petition filed under § 2254 is not the proper vehicle for making such claims and they will not be considered.

petition." *Kent v. Kuplinski*, 702 F. App'x 167, 169 (4th Cir. 2017) (citing *Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587 (E.D. Va. 2006). Whichever route he follows, he must ultimately present his claims to the Supreme Court of Virginia and receive a ruling before a federal district court can grant relief under § 2254.

Pollard does not allege that he presented his claims to the Supreme Court of Virginia, and the state's online appellate court management system indicates that no petition has been filed with the state's highest court. Although Pollard includes an "Exhaustion of Administrative Remedies" section in his petition, describing his use of the prison's grievance procedure, he has not alleged that he presented these issues before a state court. Pollard also discusses "Other Appeals" in his petition, where he refers to a prior "incorrect" petition filed in this court under 28 U.S.C. § 2241, designated as case number 7:26-cv-00351. Pet. 4, Dkt. No. 1. But Pollard's § 2241 petition was not an appeal and does not satisfy the exhaustion requirement under § 2254.

While Pollard raises constitutional violations related to his disciplinary proceeding, he must still raise these claims in state court. Indeed, challenges to a "'prison disciplinary conviction resulting in the loss of earned good time credits, accompanied by a request that the credits be restored' is the 'type of claim that could be raised in a habeas petition in Virginia courts.'" *Edwards v. Dotson*, No. 7:23-cv-00484, 2025 WL 2784279, at *1 (W.D. Va. Sept. 26, 2025) (citing *Carroll v.*

*Johnson*, 685 S.E.2d 647, 652 (Va. 2009), for the proposition that Virginia courts may review a prison disciplinary conviction that implicates "earned good conduct sentencing credits.").

Accordingly, Pollard's § 2254 petition will be dismissed without prejudice to allow him to pursue state court remedies.  A certificate of appealability will be denied, considering that Pollard has not made the requisite showing of a denial of a constitutional right, nor has he shown that reasonable jurists would find the court's procedural ruling to be debatable or wrong.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).

A separate Judgment will be entered herewith.

ENTER:   July 2, 2026

/s/  JAMES P. JONES
Senior United States District Judge